IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ALDRIDGE WINFREY                                                                PLAINTIFF

v.                                      No. 2:16-cv-8-DPM

CITY OF FORREST CITY, ARKANSAS;
E.P. REYNOLDS; DEON LEE; and ERIC McCOY,
all in their official and individual capacities as
police or law enforcement officers of the City
of Forrest City, Arkansas                                                       DEFENDANTS

ORDER

1. Aldridge Winfrey worked for the Forrest City Police Department for several years. He says a department policy entitled him to a raise after he'd been there a year, and another raise after he'd graduated from the police academy. Both those things happened, but Winfrey got only one raise. He started questioning his supervisors about it, and an attorney worked with Winfrey to try to get the officer what he thought he was owed. Winfrey became, in his word, the ringleader among a group of employees who were disgruntled about pay issues. About a year later, the department fired Winfrey, saying he had broken a department rule forbidding consorting with a felon. He had appeared, in uniform, in a photograph with a felon who had a pistol of some sort in his waistband; the photo was posted on Facebook. All


along, Winfrey had still been questioning the department about his and others' wages. A few months after the department fired him, Winfrey and the department settled the wage dispute, and Winfrey got paid.

After getting a right-to-sue letter from the EEOC, Winfrey filed this case against Forrest City and his supervisors over his firing. For simplicity, the Court will refer to all the defendants as Forrest City. Winfrey claims retaliation, breach of an employment contract, and promissory estoppel. Forrest City asks for summary judgment, focusing on Title VII retaliation, and mainly arguing that Winfrey didn't engage in protected conduct. Taking the record in Winfrey's favor, Forrest City is entitled to judgment as a matter of law. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). Winfrey hasn't made a *prima facie* case of retaliation. And his breach of contract and promissory estoppel claims fail because he was an employee at will.

2. Winfrey's complaint is vague about the reasons he thinks he was retaliated against. № 2 at ¶ 14. It doesn't mention race or gender. His EEOC charge is also murky, though it does list race and gender—so Forrest City knew Winfrey's allegations at least partly involved those issues. № 32 at 8. The EEOC charge, though, wasn't attached to his complaint. (The charge also

says Winfrey thought he was fired because he's black, *ibid.*, but he didn't claim discriminatory discharge in this lawsuit.)

All along, this case has been about a contract-based wage dispute. And Winfrey's having disputed his wages based on the department policy alone wasn't protected conduct, so the claim fails. *Bonn v. City of Omaha*, 623 F.3d 587, 590-91 (8th Cir. 2010); *Tiedeman v. Nebraska Department of Corrections*, 144 Fed. App'x 565, 566 (8th Cir. 2005) (unpublished *per curiam*). His recent affidavit tries to bring race and gender to the forefront, saying they were part of the wage dispute. Winfrey is, in effect, trying to amend his complaint at the dispositive-motion phase, months beyond the Court's deadline for amending pleadings. It's too late. *Northern States Power Company v. Federal Transit Administration*, 358 F.3d 1050, 1056-57 (8th Cir. 2004); *Riggs-DeGraftenreed v. Wells Fargo Home Mortgage, Inc.*, 2016 WL 393868, *2 (E.D. Ark. 2016), *affirmed on unrelated issues*, 2017 WL 589095 (8th Cir. 2017). But even if Winfrey had properly pleaded retaliation for opposing pay discrimination based on race or gender, this claim fails on the merits.

Winfrey was fired, so he suffered an adverse employment action. But he hasn't provided any direct evidence of retaliation, or raised an inference

of retaliation. And he hasn't shown enough on causation, either. *Hutton v. Maynard*, 812 F.3d 679, 683–84 (8th Cir. 2016). Other than Winfrey's recent affidavit, there's no evidence that he engaged in statutorily protected conduct. The affidavit says he "believed that white women, black women and white men had a better chance" in the police department than he, a black man, did. № 20 at ¶ 22. And it also says Winfrey believed that, under various federal laws, he should be paid equal to other people working for Forrest City. № 20 at ¶ 28. But there's no evidence anywhere else in the record supporting Winfrey's assertion that his wage dispute was, deep down, about race or gender.

Winfrey sat for a thorough deposition. As best the Court can tell, he never said race or gender discrimination motivated his dispute with Forrest City about pay. Instead, in Winfrey's words, the dispute was about his trying to enforce a contract that he believes promised raises. *№ 14-1 at 27–29, 39, 63–65 (deposition pagination)*. He didn't say the word race or the word gender. Neither of those motivations was discussed at all in the deposition. And Winfrey hasn't alleged the race or gender of anyone else whose raise he was fighting for. Taking the record as a whole, Winfrey's EEOC charge and his

new testimony by affidavit about race and gender are insufficient to support a jury verdict that Winfrey engaged in protected conduct. *Bacon v. Hennepin County Medical Center*, 550 F.3d 711, 716 (8th Cir. 2008). There's a causation gap, too, because Winfrey has neither alleged, nor provided evidence, that Forrest City knew his wage dispute was rooted in race or gender. *Culton v. Missouri Department of Corrections*, 515 F.3d 828, 831 (8th Cir. 2008).

   **3.** Arkansas law is clear on Winfrey's contract claim. He was an at-will employee. He hasn't offered sufficient proof that any exception to the general rule applies. *Cottrell v. Cottrell*, 332 Ark. 352, 354–55, 965 S.W.2d 129, 130 (1998); *Gladden v. Arkansas Children's Hospital*, 292 Ark. 130, 136, 728 S.W.2d 501, 505 (1987). This law means that either Forrest City or Winfrey could end the employment relationship at any time and without cause. Winfrey, moreover, signed a statement acknowledging that he was an employee at will, and that his employment wasn't guaranteed for any certain period. № 23 *at* ¶ 5.

   **4.** Winfrey has potent evidence that the reason given for his firing was hollow. It's undisputed that another officer is married to a felon, still has a job, and was recently promoted to chief of police, and there may be photos of

other officers with felons. So the Court takes as truth for purposes of the motion that the Facebook photo wasn't the driving reason that Winfrey lost his job. The proof on his promissory estoppel claim, though, is too thin to support a verdict.

Winfrey says the former police chief verbally promised him job security and that he could be fired only for just cause. № 2 at ¶ 11; № 14-1 at 41–42 *(deposition pagination)*. And he says the chief told him if he followed the "Recipe" — Respect, Excellence, Compassion, Integrity, Professionalism, and Enthusiasm — then he wouldn't have a problem. № 18 at 12. What's missing is a firm promise of a specific duration for Winfrey's work, a term certain. The chief's general words aren't sufficiently definite to be legally enforceable. *Regency Hospital Company of Northwest Arkansas, LLC v. Arkansas Blue Cross Blue Shield*, 2009 WL 5174246, at *8–*9 (E.D. Ark. 2009) (Eisele, J.). And Winfrey hasn't addressed whether Forrest City should have reasonably expected him to rely on those words. *Fairpark, LLC v. Healthcare Essentials*, 2011 Ark. App. 146, at 12, 381 S.W.3d 852, 859 (2011). Most important, though, this Court predicts the Arkansas Supreme Court wouldn't allow this claim to go forward. There just isn't enough here. Allowing Winfrey's

promissory estoppel claim to proceed, on this vague record, would create a big exception—an exception so big it would undermine the settled general rule about employment at will in Arkansas. *Gladden*, 292 Ark. at 136, 728 S.W.2d at 505.

* * *

Motion, № 9, granted. Motion, № 29, denied as moot.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 February 2017